**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORING WINN WILLIAMS,

                Plaintiff - Appellant,

    v.

CHINO VALLEY INDEPENDENT FIRE
DISTRICT,

                Defendant - Appellee.

No. 12-57135

D.C. No. 2:12-cv-05935-R-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 9, 2015[**]
Pasadena California

Before: KOZINSKI, CHRISTEN, and HURWITZ, Circuit Judges.

    The district court dismissed, for failure to state a claim upon which relief can

be granted, the complaint filed by Loring Williams alleging violations of the

Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the California Fair

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Employment and Housing Act, Cal. Gov't Code §§ 12900-12996, by his former employer, Chino Valley Independent Fire District. We have jurisdiction over Williams's appeal under 28 U.S.C. § 1291, and affirm.

**1.** Williams did not state a disparate-treatment claim under California or federal law. The one-year limit on eligibility for requalification in Chino Valley's Personnel Rules applies to all retirees, regardless of whether they are disabled, and thus is not facially discriminatory. If the one-year bar prevented Williams from seeking open positions, this was the result of his decision to pursue requalification rather than undergo the ordinary competitive process, and not "because of" his disability. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999); *Wills v. Super. Ct.*, 125 Cal. Rptr. 3d 1, 15 (Ct. App. 2011).

**2.** Williams also failed to state a disparate-impact claim. Williams does not allege any group-based hiring disparity, *see Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986-87 (1988); *Stockwell v. City & Cnty. of San Francisco*, 749 F.3d 1107, 1115 & n.4 (9th Cir. 2014), nor does he identify a specific policy or practice that had a disparate impact on disability retirees, *see Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002).

**3.** Williams claims that he was denied a reasonable accommodation in the form of an extension of the one-year eligibility limit. But an extension of the eligibility

limit is "not a modification or adjustment to the workplace necessary to enable him to perform the essential functions of his position." *Scotch v. Art Inst. of Cal.-Orange Cnty., Inc.*, 93 Cal. Rptr. 3d 338, 360 (Ct. App. 2009) (internal quotation marks omitted).

4. The failure to offer a reasonable accommodation is a prerequisite for an interactive-process claim, *see Watkins v. Ameripride Servs.*, 375 F.3d 821, 829 n.5 (9th Cir. 2004) (citing *Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 496 (Ct. App. 1999)), and the interactive-process claim therefore also fails.

5. Because Williams offered no new facts and no other basis for amending the complaint, the district court did not abuse its discretion in denying leave to amend. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008); *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

**AFFIRMED.**